**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1637-19

YVONNE ZABALA-LUGO,

    Plaintiff-Appellant,

v.

STILLWATER PROPERTY &
CASUALTY INSURANCE
COMPANY,[1]

    Defendant-Respondent.

_____

Submitted January 4, 2021 – Decided July 2, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6956-18.

Blume, Forte, Fried, Zerres & Molinari, PC, attorneys for appellant (Jeffrey J. Zenna, on the brief).

Traub Lieberman Strauss & Shrewsberry, LLP, attorneys for respondent (Gregory S. Pennington, on the brief).

_____

[1] Improperly pled as Stillwater Insurance Group.

PER CURIAM

Plaintiff Yvonne Zabala-Lugo appeals from the November 21, 2019 order of the Law Division granting summary judgment in favor of defendant, Stillwater Property & Casualty Insurance Company (Stillwater), finding that the umbrella insurance policy purchased by Zabala-Lugo from Stillwater was unambiguous in its exclusion of underinsured motorist (UIM) coverage. We affirm.

I.

The following facts are derived from the record. Zabala-Lugo purchased an insurance policy from Skylands Insurance Association (Skylands) that served as her primary home and auto insurance policy, including UIM coverage.

Zabala-Lugo also purchased an umbrella liability policy from Stillwater. The declaration coverage page of the Stillwater policy contains a schedule of the underlying insurance coverage Stillwater required Zabala-Lugo to maintain during the term of the Stillwater policy. With respect to UIM coverage, the required coverage column is blank, Stillwater's coverage is described as "[a]vailable in states where required by law[,]" and the required underlying coverage limit is described as "[l]imit must be the same as that [c]arried for [a]utomobile [l]iability." New Jersey does not require UIM coverage. The

2

Stillwater policy also contains a "summary of current coverages," that does not include UIM coverage.

In addition, the policy's coverage form provides as follows:

Coverages

A.    Insuring Agreement

We will pay damages, in excess of the "retained limit,"[2] for:

1.    "Bodily injury" or "property damage" for which an "insured" becomes legally liable due to an "occurrence" to which this insurance applies . . . .

. . . .

III.   Exclusions

A.    The coverages provided by this policy do not apply to:

. . . .

13.   "Bodily injury" or "personal injury" to you or a "family member".

This exclusion also applies to any claim made or suit brought:

---

[2] The Stillwater policy defines "retained limit" as "[t]he total limits of any 'underlying insurance' and other insurance that applies to an 'occurrence' or offense which . . . [a]re available to an 'insured; or [w]ould have been available except for the bankruptcy or insolvency of an insurer providing 'underlying insurance'; or . . . [t]he deductible" of the underlying insurance if covered by the Stillwater policy and not by any available underlying coverage.

A-1637-19

a.     To repay; or

b.     Share damages with;

another person who may be obligated to pay damages because of "bodily injury" or "personal injury" to you or a "family member" . . . .

. . . .

C.     We do not provide:

1.     Automobile no-fault or any other similar coverage under this policy; or

2.     Uninsured Motorists Coverage, Underinsured Motorists Coverage, or any other similar coverage unless this policy is endorsed to provide such coverage.

There is no endorsement in the policy providing UIM coverage.

In 2014, Zabala-Lugo was a passenger in a car driven by Jasmine Lugo when the vehicle was involved in an accident. According to Zabala-Lugo, the driver of her vehicle struck a phantom car that had swerved into her lane to avoid hitting a pedestrian. After the initial impact, the vehicle in which Zabala-Lugo was a passenger was struck from behind by a car driven by Betsey Tavares.

Zabala-Lugo discovered that Tavares's insurance policy did not provide bodily injury liability insurance. Zabala-Lugo thereafter notified Stillwater that

4

she intended to file an UIM claim under her policy. Stillwater informed Zabala-Lugo that her policy did not provide UIM coverage.

Zabala-Lugo later contacted Stillwater to notify the company that Skylands had offered $100,000 to settle her UIM claim under her underlying policy and that she intended to file an UIM claim under her Stillwater policy. She also requested that Stillwater waive its subrogation rights.

On May 25, 2018, Stillwater denied Zabala-Lugo's claim because her policy did not include UIM coverage. Stillwater further advised that because Zabala-Lugo did not have UIM coverage she did not need to request its consent to accept the Skylands settlement.

Zabala-Lugo subsequently filed a complaint in the Law Division seeking a declaratory judgment that her Stillwater policy included UIM coverage. Stillwater subsequently moved for summary judgment.

On November 21, 2019, the trial court issued a written opinion and order granting Stillwater's motion and dismissing Zabala-Lugo's complaint. The court found that the Stillwater policy unambiguously stated it did not provide UIM coverage and that Zabala-Lugo could have no reasonable expectation of having obtained such coverage. The court rejected Zabala-Lugo's "strained

interpretation" of the Stillwater policy and her argument that public policy required the court to read UIM coverage into the Stillwater policy.

This appeal followed. Zabala-Lugo argues that the trial court erred because the Stillwater policy is ambiguous and should be read in her favor. In addition, she argues the trial court erred when it rejected her public policy argument.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 529-30 (1995)). Our

review is "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill, 142 N.J. at 523.

The trial court's interpretation of an insurance contract is a question of law, which we review de novo. Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 260 (App. Div. 2008). The "trial court's interpretation of the law and the legal consequences that flow from the established facts are not entitled to any special deference." Id. at 259-260 (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Insurance policies are subject to special rules of interpretation, as they are contracts of adhesion. Longobardi v. Chubb Ins. Co., 121 N.J. 530, 537 (1990). Such "policies should be construed liberally in [the insured's] favor to the end that coverage is afforded 'to the full extent that any fair interpretation will allow.'" Ibid. (quoting Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961)). However, "the words of an insurance policy should be given their ordinary meaning." Ibid. "[I]n the absence of an ambiguity, a court should not 'engage in a strained construction to support the imposition of liability' or write a better policy for the insured than the one purchased." Oxford Realty Group Cedar v. Travelers Excess & Surplus Lines Co., 229 N.J. 196, 207 (2017) (quoting Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 272-73 (2001)).

An insured will be charged with what the average insured person would understand from reading the policy. Morrison v. American Int'l Ins. Co. of Am., 381 N.J. Super. 532, 542-43 (App. Div. 2005). If the language is ambiguous, the "insured's reasonable expectations are brought to bear on misleading terms and conditions of insurance contracts and genuine ambiguities are resolved against the insurer." Id. at 537. However, an insurance policy is not per se ambiguous because its sections are separately presented, including the declarations page, definitions, exclusions, and endorsements. Zacarias v. Allstate Ins. Co., 168 N.J. 590, 603 (2001). In addition, "[e]xclusionary clauses are presumptively valid and are enforced if they are specific, plain, clear, prominent, and not contrary to public policy. If the words used in an exclusionary clause are clear and unambiguous, a court should not engage in a strained construction to support the imposition of liability." Flomerfelt v. Cardiello, 202 N.J. 432, 441-42 (2010) (internal quotations omitted).

We agree with the trial court's conclusion that the Stillwater policy is unambiguous in its exclusion of UIM coverage. Several provisions of the policy, including the exclusions page, state in clear language that UIM coverage is not included in Zabala-Lugo's policy. Absent an express endorsement of UIM coverage, which does not appear in the policy, Zabala-Lugo did not obtain such

coverage.  As the trial court aptly found, to interpret the Stillwater policy to provide UIM coverage, as urged by Zabala-Lugo, would strain the plain language of the agreement and give her coverage for which she has not paid a premium.

We also agree with the trial court's conclusion that public policy does not require we adopt Zabala-Lugo's interpretation of the Stillwater policy.  While the Legislature has enacted a number of requirements for automobile insurance policies, including minimum coverage and limits, it has not extended those requirements to umbrella policies.  Zabala-Lugo has identified no convincing argument for a judicial declaration that our statutes provide insufficient protection from a public policy perspective to policy holders who elect to obtain coverage under an umbrella policy.

To the extent we have not addressed any of Zabala-Lugo's remaining arguments we find them to be without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1637-19